OPINION OF THE COURT
William H. Pohlmann, J.
At issue in this action is whether the plaintiff properly terminated a contract pursuant to one of its provisions and whether the terminating party may retain the benefits of the contract during the interval between the notice of termination and the date when the termination became effective. This latter question has not been the subject of much litigation, and indeed, there is a paucity of cases of this issue.
The facts in this case are largely uncontroverted. The legal rights which flow from those facts are, however, disputed. Briefly, the facts are as follows. The plaintiff, Phebe Szatmari (also described hereinafter as the provider), has been providing child care services to the defendants, Ellen and David Rosenbaum, with respect to their infant child, Lorraine. This day care arrangement was in existence for approximately one and one-half years prior to the signing of the April 10, 1984 agreement, which is the subject of this suit. The subject child care agreement contains numerous provisions with paragraph 13 being the most significant insofar as this litigation is concerned. Said paragraph provides as follows: “parent or provider will give 4 weeks notice before terminating child care.”
*233 It is conceded that sometime during the early part of 1985 the parties were not longer content with one another and the day care arrangement as it existed. The plaintiff felt a lack of trust in her by the defendants, and the defendants were no longer completely satisfied with the services provided by plaintiff. On April 9 the plaintiff verbally terminated the child care agreement, and on April 10 gave formal notification by letter to the defendants of such decision to terminate. In pertinent part, the letter stated: “This is formal notification of my decision, which I communicated to you both yesterday, to terminate our arrangement of two and one half years, in which I cared for your daughter, Lorraine, on a daily, fulltime basis while you worked. I made this decision to terminate the arrangement with Lorraine’s best interest in mind. I offered you, according to our standing contract, four weeks to find another arrangement * * *
“I also hereby record that you called me last evening to tell me you decided not to make use of my offer to give Lorraine four more weeks of care; that you did not intend to honor our contract, but that on the contrary, you demanded one month’s pay be returned to you. In this conversation you violated our contract twice; first, by not giving me four weeks’ notice ‘before terminating care’ (see page three), and second, by refusing payment for the next four weeks.”
Immediately upon receipt of this letter, the defendants responded to plaintiff, also in writing, on the same date. In pertinent part, they wrote: “Terms of any agreement which state that the terminator of the agreement must offer four weeks notice to the other party do not obligate the other party to avail themselves of the four weeks, nor pay for that period of time.”
It seems settled law that where the parties have agreed to a termination clause in a contract, it must be enforced as written. (Noah v Daitch & Co., 22 Misc 2d 649; A. S. Rampell, Inc. v Hyster Co., 3 NY2d 369.) Here, paragraph 13 gives both parties to the child care agreement the right to terminate upon four weeks’ notice. The apparent reason for the four weeks’ notice provision was to afford the parents the opportunity to find alternate child care services should the plaintiff seek to terminate, as well as affording the provider the opportunity to find another family who could use her services should the parents of any of the children in her care seek to terminate. In any event, any purported termination pursuant to paragraph 13 of the aforementioned child care agreement would not be effective until four weeks after the notice is given. During the period from the notice of termination until the date when the termination *234 becomes effective, the contract remains in force and must continue to be performed according to its terms. (New York Tel. Co. v Jamestown Tel. Corp., 282 NY 365; see also, Corbin, Contracts § 1266, at 66.)
Defendants argue that while the plaintiff was obligated to offer four weeks’ notice to them of any decision to terminate, they, on the other hand, are not obligated to avail themselves of that four weeks of child care service, and, of course, need not pay for that period of time. With this contention, the court disagrees.
The only manner whereby plaintiff could terminate this contract (short of breaching the contract, or mutual rescission) is pursuant to the express provisions of the agreement permitting a termination on four weeks’ notice. While the plaintiff “offered” the defendants four weeks to find another arrangement, the court finds that such was not an offer which could be rejected, but rather plaintiff’s imprecise use of words. As is evident by subsequent language in the letter containing the termination notice, the plaintiff clearly sought to give the requisite four-week termination notice in accordance with paragraph 13. Any other interpretation would require a finding that plaintiff was, in fact, breaching the contract by the notice and such a finding, under the circumstances herein presented, is unwarranted.
Accordingly, this court finds that the four-week termination notice is mandatory (unless waived by both parties), that such notice is the only specified manner of terminating the contract pursuant to its own provisions, and that the four-week notice is both for the benefit of the provider, as well as the parents, and that even the terminating party may retain the benefits of the contract during that period from the notice of termination and the date when the termination becomes effective.
Having so decided, the court proceeds to damages. Plaintiff seeks $402 for loss of income for four weeks’ child care for Lorraine Rosenbaum. The defendants point out that the plaintiff could, and did, take on the care of another child (albeit for only one day a week at approximately $25 per child per day) after she no longer had the responsibility for the care of Lorraine Rosenbaum. Plaintiff’s damages, mitigated by $100, are thus computed at $302 and judgment is entered for plaintiff at such sum plus costs.